786 F.2d 1166
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
CARMON N. SURATT, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 85-5684
 United States Court of Appeals, Sixth Circuit.
 2/25/86
 
 M.D.Tenn.
 AFFIRMED
 On Appeal from the United States District Court for the Middle District of Tennessee
 BEFORE: KEITH, and GUY, Circuit Judges and TAYLOR*, District Judge.
 PER CURIAM:
 
 
 1
 Appellant, Carmon N. Suratt, appeals from the denial by the Secretary of Health and Human Services of his application for disability benefits. The district court affirmed the denial. Appellant claims there was not substantial evidence to support the decision of the Secretary. Finding no reversible error and the Secretary's decision to be supported by substantial evidence, we affirm.
 
 
 2
 Appellant filed an application for disability in March of 1976 and was awarded benefits on initial determination. The Social Security Administration determined that his disability ceased in May 1977 and this decision was affirmed by an Administrative Law Judge ('ALJ') after a hearing. Appellant filed another disability application on March 10, 1980 which the ALJ denied after a hearing on July 15, 1980. The Appeals Council ('AC') refused to grant plaintiff's request for review.
 
 
 3
 On May 9, 1983, the appellant filed the instant application for disability benefits alleging pain in his back, head, right arm, stomach and neck. The application was denied initially and on reconsideration. After a hearing, the ALJ issued his denial and the AC denied appellant's request for review. Appellant filed a complaint and motion for summary judgment in the district court. The Magistrate filed a proposed memorandum which plaintiff objected to by filing a motion for de novo determination to the Honorable L. Clure Morton, Senior Judge. The district court entered an order overruling appellant's motions for summary judgment and for de novo determination. The district court also granted appellee's motion for summary judgment sua sponte.
 
 
 4
 Appellant is a middle-aged male with a seventh grade education. He has been employed as a timber cutter and carpenter. Since his back operation in 1975, he has not worked. In 1980, appellant had a kidney operation. Appellant testified that his back pain prevents him from standing for any length of time and prevents him from sleeping at night even with medication. He also testified that he had really bad headaches, neck difficulties, and problems with his right arm. Appellant however testified that he could walk a half of a mile and sit for 'a pretty good while' but he would be in a lot of pain. There was also testimony that appellant can mow the lawn with a rider mower for about a half an hour at a time. Furthermore, appellant drives his car frequently and uses his car to exercise his dogs.
 
 
 5
 Appellant contends this his back pain has not improved since the operation. There was discrepancy however between three of appellant's treating physicians concerning diagnosis of his back injury and its proper treatment.
 
 
 6
 The ALJ found that appellant was unable to perform his past work as a timber cutter or a carpenter, but he could perform a full range of sedentary work. Specifically, the ALJ found that appellant had severe impairments which he listed as status-post lumber laminectomy, cervical nerve root compression, status-post renal cyst, and a history of gastritis. However, the ALJ found that none of the impairments were listed in Appendix 1, 20 C.F.R., Part 404, Subpart P, nor were they the equivalent of a listed impairment.
 
 
 7
 The findings and decision of the Secretary are conclusive if supported by substantial evidence. 42 U.S.C.A. Sec. 405(g). This Court's review of the Secretary's decision is limited to the record made in the administrative hearing process. The determination of disability under the Act is an administrative decision, and the only question before this Court is whether the decision of the Secretary is supported by substantial evidence. Substantial evidence means more than a scintilla; it is such relevant evidence as a reasonable mind would accept as adequate to support a conclusion. Richardson v. Perales, 402 U.S. 389 (1971); LeMaster v. Weinberger, 533 F.2d 337 (6th Cir. 1976).
 
 
 8
 In this case we hold that there is substantial evidence to support the Secretary's decision. Medical reports by doctors who treated, examined or reviewed appellant's record were introduced, including those of an internist, radiologist, neurologist and orthopedic surgeon. Although there is clinical evidence demonstrating that perhaps appellant has some difficulty with his low back and cervical neck region, as the district court noted, 'the clinical evidence is not all that impressive and plaintiff has not presented any treating physician who has stated that he cannot work.' Moreover, the results of the physical examination by an internist were normal. The internist stated in his report that although appellant has a bad back, 'I doubt if he has any real significant nerve root compression.' Furthermore, the internist found no objective evidence of significant kidney disease or major headache problems. Another internist concluded, after an examination of medical records, that appellant's neurological examination and impairment did not meet or equal any of the listings given appellant could frequently kneel, crouch and crawl and that appellant was unlimited in his ability to reach, handle, feel and see.
 
 
 9
 The medical assessment of a certified orthopedic surgeon who examined appellant also indicated that appellant could work. Although appellant had some restricted motion and spasm, there was only slight evidence of nerve root compression and no evidence of continued sciatic nerve root irritation. Furthermore, the surgeon indicated appellant could lift twenty pounds maximum and could carry ten pounds maximum, could sit eight hours a day, stand two hours a day, and could walk for two hours a day. His ability to handle objects, bend, push and/or pull, see, hear or speak, and his environmental restrictions were unrestricted. The surgeon also noted that '[o]ne would wonder how restricted his activities have been due to the fact that he certainly appears to have very calloused type hands.'
 
 
 10
 The district court was correct in stating that this is a pain case and that the ALJ was required to weigh all of the evidence and determine whether or not appellant's description of his debilitating pain was credible to the extent that he could not perform at any level on a sustained basis. The record reveals that the ALJ did review all of the evidence, including the plaintiff's testimony at the hearing, the medical records and reports. Moreover, the ALJ stated reasons other than his view of the plaintiff's demeanor at the hearing as his basis for finding that the plaintiff's pain testimony was not credible. The ALJ noted that plaintiff testified at the hearing to some substantial activity on his part, which we noted above in reviewing this testimony. The ALJ also noted that appellant's explanation for his calloused hands, especially given his muscular arms, was inadequate. This Court has reviewed the record and finds that the ALJ correctly considered the credibility issue and his determination of this issue complies with our holding in Weaver v. Secretary, HHS, 722 F.2d 310 (6th Cir. 1983).[1] Thus, we find that there is substantial evidence to support the credibility finding.
 
 
 11
 Accordingly, we affirm the decision of the district court affirming the Secretary's denial of benefits.
 
 
 
 *
 Honorable Anna Diggs-Taylor, District Judge, U.S. District Court for the Eastern District of Michigan, sitting by designation
 
 
 [1]
 In Weaver, the court held that while observation and credibility are factors in dealing with the issue of pain, claims of pain cannot be dismissed solely on the ALJ's observations at the hearing. However, as the above discussion indicates, the ALJ fully considered all of the evidence including the medical records, reports and appellant's testimony at the hearing. [Emphasis added]